**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CITIGROUP, INC., CITIGROUP** | § | |
| **GLOBAL MARKETS, INC.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00194-ADA-DH** |
| | § | |
| **JULIA CARREON,** | § | |
| *Defendant* | § | |

**<u>ORDER</u>**

Before the Court is Plaintiffs Citigroup, Inc. and Citigroup Global Markets, Inc.'s ("Citigroup") unopposed motion to seal Angelo Petraglia's declaration in support of their response to Defendant Julia Carreon's motion to transfer. Dkt. 17. Citigroup seeks to file under seal Petraglia's entire declaration, explaining that it includes confidential information regarding the potential amount of New York state income taxes Carreon could have incurred had she been employed by Citigroup in New York. *Id.* at 1. Citigroup requests that the Court seal the declaration because it contains information relating to Carreon's potential tax liability, "from which her compensation could reasonably be deduced." *Id.* According to Citigroup, Carreon's compensation is both highly personal financial information and confidential business information, given that its dissemination could place Citigroup "at a disadvantage if competitors were aware of the salary for this role and able to poach candidates." *Id.* at 2.

1

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

"[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *Id.* "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to

2

this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Citigroup points to specific confidential information and demonstrates how, if made public, it would be harmful to Citigroup. But the Court finds that Citigroup's concerns can be mitigated through selective redaction of the potential amount of New York state income taxes Carreon could have incurred had she been employed by Citigroup in New York. Accordingly, **IT IS ORDERED** that Citigroup file a redacted copy of Petraglia's declaration that can be filed publicly.

**SIGNED** April 1, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE