# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC. and CITIGROUP INC.,<br><br>Petitioners,<br><br>v.<br><br>JULIA CARREON,<br><br>Respondent. | Civil Action No. 1:26-cv-194-ADA-DH |

**<u>PETITIONERS' SUR-REPLY TO RESPONDENT'S MOTION TO TRANSFER</u>**

Respondent does not engage on the overwhelming amount of evidence demonstrating that both she and Petitioners agreed that her last "Citi work location" was in Austin. Instead, she focuses on the erroneous assertation there is no case law for the proposition that the Court should "deny transfer because the transferee court might not compel arbitration in another district." Dkt. 18 at 3. But it is self-evident from the Southern District of New York's rule that it will not compel arbitration when arbitration must occur outside of its District, and from the fact that the Southern District of New York just transferred a case under § 1404(a) because it could not compel arbitration in Texas. Dkt. 16 at 7–8. In any event, courts have specifically held that a § 1404(a) transfer is not available to a district that cannot compel arbitration. *See Cont'l Cas. Co. v. Hartford Steam Boiler & Inspection & Ins. Co.*, 270 F. Supp. 2d 1015, 1017 (N.D. Ill. 2003) ("[T]he District Court for the District of Connecticut has no authority to issue an order under section four regarding the arbitration here. CAN's motion thus could not have been brought before that court, and transfer under section 1404 is therefore not available."); *Lawn v. Franklin*, 328 F. Supp. 791, 793 (S.D.N.Y. 1971) ("The proper District within which the petition for such order should be filed is the District where the 'proceedings' by virtue of the contract of the parties are to take place."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) (stating the FAA "limits the fora in which § 4 motions can be brought" to "the district" with "a geographic link [with] the site of the arbitration").

Also, despite Respondent's double-speak about how Citi's Arbitration Policy works, she now admits in her Reply that if this case were transferred to the Southern District of New York, it would be called upon to decide whether to issue an "an order directing Carreon to initiate [the] arbitration procedure." Dkt. 18 at 4. That is deciding whether to compel arbitration, which Respondent agrees it cannot do. Dkt. 14 at 15. The Court should deny the Motion to Transfer.

Dated: April 13, 2026

*/s/ Grace E. Speights*
Grace E. Speights (*pro hac vice*)
grace.speights@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (Fax)

T. Cullen Wallace
Texas Bar No. 24072412
Federal Bar No. 1383060
cullen.wallace@morganlewis.com
Nancy L. Patterson
Texas Bar No. 15603520
nancy.patterson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

*Attorney for Petitioners Citigroup Global Markets Inc. and Citigroup Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The undersigned will serve a copy of the foregoing on all counsel of record.

*<u>/s/ Grace E. Speights</u>*
Grace E. Speights