**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC. and CITIGROUP INC.,<br><br>Petitioners,<br><br>v.<br><br>JULIA CARREON,<br><br>Respondents. | Case No. 1:26-cv-00194 |

**RESPONDENT'S OPPOSITION TO PETITIONERS' MOTION FOR LEAVE TO FILE SUR-REPLY TO RESPONDENT'S MOTION TO TRANSFER**

This Court should deny Petitioners' improper motion to file a Sur-Reply (Dkt. 22) containing arguments and authority that Citi neglected to submit at the appropriate time.

Sur-replies are "heavily disfavored" in this Circuit. *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021). As many courts have explained, "surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter," and thus "it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Cuellar v. Rodriquez*, No. 23-CV-00237, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023) (denying leave to file sur-reply). Further, "[a] surreply is not the appropriate vehicle to shore up arguments or present evidence that could have been presented in a timely fashion. It is not an opportunity for a do-over." *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. 19-11793, 2022 WL 3445716, at *4 (E.D. La. Aug. 17, 2022) (finding no manifest error of law in denying leave to file sur-reply).

Rather than respond to the substance of Carreon's serious allegations of sexual harassment in her first-filed lawsuit in New York, Citi has seized every opportunity to delay resolution of those claims and burden the parties and this Court with unnecessary motion practice, this motion being the latest example. Inaccurately characterizing its motion as a response to an issue Carreon "argued for the first time" in Reply (Dkt. 22 at 1), Citi in fact hopes to make up for its failure to provide supporting caselaw in its Response to an argument Carreon explicitly made in her original motion.

In the Motion to Transfer, Carreon demonstrated that transfer is permitted wherever a petition "might have been brought," and does not hinge on what relief is available in that forum. Carreon thus argued expressly: "the prospect that Citi might be denied the precise relief it

requests in the Southern District of New York does not make venue inappropriate there. Transfer is allowed to anywhere an action 'might have been brought,' 28 U.S.C. § 1404(a), and … the Southern District of New York is an eligible venue for this petition." (Dkt. 14 at 14–15.)[1] After Citi's Response did not address this point with any authorities, Carreon correctly observed in her Reply that "Citi tellingly cites no authority to deny transfer because the transferee court might not compel arbitration in another district." (Dkt. 18 at 3.) Now, in response to Carreon's accurate observation that Citi *did not* cite applicable caselaw, Citi proves the point by requesting leave to submit new authorities that it did not cite earlier. Carreon's observation that Citi did not provide supporting caselaw responsive to an argument at the appropriate time is not an exceptional or extraordinary basis warranting a second chance to provide such caselaw.

In any event, Citi's late-submitted caselaw is not applicable. Citi cites just one out-of-circuit, district court case denying a motion to transfer under 28 U.S.C. § 1404, and the circumstances in that case are materially different. The parties in *Continental Casualty Co. v. Hartford Steam Boiler Inspection and Insurance Co.*, 270 F. Supp. 2d 1015 (N.D. Ill. 2003), agreed to arbitrate their dispute in Chicago, Illinois, and based on that forum-selection clause, the court in Illinois denied the respondent's motion seeking transfer to Connecticut. In contrast, Carreon's claims in her first-filed case (1) are entirely exempt from arbitration; (2) even if not exempt, are arbitrable not in "Austin, Texas," but rather at her "last Citi work location," which is in New York City, the transferee forum[2]; (3) under Citi's unique arbitration policy, cannot be

---

[1] Carreon also explained that courts in the Southern District of New York can, routinely do, and especially could here given Citi's unusual arbitration policy, grant effectual relief to parties seeking out-of-district arbitration. (Dkt. 14 at 9–10, 14–16.)

[2] Citi falsely asserts that "Respondent does not engage on the overwhelming amount of evidence demonstrating that … her last 'Citi work location' was in Austin." (Dkt. 22-2 at 1.) In fact, as Carreon explained, Citi's evidence merely shows that she lived in Texas—which she has never disputed and which is irrelevant to her motion to transfer. (Dkt. 18 at 8–10.) Citi does not refute that Carreon traveled at Citi expense to work out of its New York headquarters roughly two weeks per month, the claims arose in New York, the claims are brought under New York law,

filed by Carreon for arbitration anywhere, but instead must only be sent to Citi's HR; and (4) even if not subject to arbitration in New York City, would be subject to a stay in that forum under Section 3 of the FAA. Citi's attempt to analogize this case to *Continental Casualty Co.* underscores the flaws in its reasoning, which wrongly assumes favorable rulings on arbitrability and the situs of a potential arbitration, issues that the Southern District of New York is primed to resolve in Carreon's favor. Those rulings will render moot any concerns that Citi has about the proper forum for compelling arbitration under Section 4 of the FAA. Further, as Carreon has explained, in the unlikely event that any claims must be arbitrated in Texas, the Southern District of New York can, if necessary, award Citi relief through a stay under Section 3 of the FAA. (Dkt. 14 at 14–16; Dkt. 18 at 3.) Citi's contention that its petition "might have been brought" only in Texas fails to grapple with the reality—as demonstrated in caselaw cited by Citi in its Response—that such petitions, even if ultimately resulting in arbitration elsewhere, are commonly brought and resolved in New York. (*See, e.g.*, Dkt. 16 at 7 (citing *Law Offs. of Joseph L. Manson III v. Aoki*, No. 19-CV-04392, 2020 WL 767466 (S.D.N.Y. Jan. 3, 2020) (resolving defendant's motion to compel arbitration by staying New York proceedings pending arbitration in another district)).)

The other two cases that Citi cites do not deal with motions to transfer and thus do not help resolve the motion pending in this Court. Rather, those cases involve two courts'

---

and the case is pending in New York. Further, as Carreon pointed out, all agree that "last Citi work location" means the "Citi office where an employee is expected to report," and the only such office for Carreon was in New York City. (*Id.*) Further, Carreon respectfully submits that even if the Court considered Carreon's remote work in Texas as relevant to her "last Citi work location," then the Court should treat her as a hybrid employee with multiple work locations, including both her Citi office in New York City and her home office in Texas. Under that scenario, New York City remains one of Carreon's "last Citi work locations," and thus after transfer, the Southern District of New York could still compel arbitration under Section 4 of the FAA in that district (although, because Carreon's claims are exempt from arbitration, that court will not do so).

conclusions that district courts may only compel arbitration under Section 4 of the FAA in the district where they reside. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323 (7th Cir. 1995); *Lawn v. Franklin*, 328 F. Supp. 791 (S.D.N.Y. 1971). As Carreon explained, including based on Citi's own caselaw in its Response, the Second Circuit has not yet decided whether courts there are so limited, but in any event, courts there may still determine that a dispute is referable to arbitration and order a stay under Section 3 of the FAA. (Dkt. 14 at 15.) Thus, neither of these cases prohibit transferring Citi's petition to New York.

Citi's motion to submit a Sur-Reply is improper and should be denied.

Date: April 20, 2026

Respectfully Submitted:

*/s/ Linda D. Friedman*
Linda D. Friedman

*Counsel for Respondent Julia Carreon*

Linda D. Friedman (*admitted pro hac vice*)
Stowell & Friedman, Ltd.
303 W. Madison, Suite 2600
Chicago, IL 60606
312.431.0888
lfriedman@sfltd.com

Ryan O. Estes (Bar No. 24120586)
Kaplan Law Firm, PLLC
2901 Bee Cave Rd., Suite G
Austin, TX 78746
512-814-7348
restes@kaplanlawtx.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record at their respective email addresses.

*/s/ Linda D. Friedman*
Linda D. Friedman