**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC. and CITIGROUP INC.,<br><br>Petitioners,<br><br>v.<br><br>JULIA CARREON,<br><br>Respondent. | Civil Action No. 1:26-cv-194-ADA-DH |

**PETITIONERS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER**

Despite Petitioners demonstrating that transfer is inappropriate given the Southern District of New York's settled rule, Respondent suggested for the first time in her Reply that there was no case law specifically stating transfer is inappropriate to a District which cannot compel arbitration. Petitioners provided exactly that case law in their proposed Sur-Reply. But Respondent's only response to *Continental Casualty Co.* is to say the case is inapposite because Petitioners "wrongly assume[] favorable rulings on arbitrability and the situs of a potential arbitration." Dkt. 25 at 3. That is, she advances a strawman that because she will convince the Court arbitration can occur in New York, the submitted case law that she suggested did not exist is inapplicable.

Conceding that the Southern District of New York "could still compel arbitration under Section 4 of the FAA" only if her last Citi work location was New York, Dkt. 25 at 3 n.2, and faced with overwhelming, unrebutted proof that her "last Citi work location" was Austin, Respondent raises a brand-new argument that "the Court should treat her as a hybrid employee with multiple work locations." *Id.* The Court should reject this argument as both waived and meritless. The FAA contemplates a single arbitral "hearing" within a specified "district," 9 U.S.C. § 4, reflecting its purpose to provide "predictability" and "orderliness" by enforcing arbitration agreements to their terms, *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 (1974). It thus makes good sense why the parties agreed to a singular situs of arbitration by reference to a singular "work location." Yet Respondent admittedly asks the Court to rewrite the Arbitration Policy to read "last Citi work **locations**," Dkt. 25 at 3, which violates the terms of the agreement and imposes no real limit at all. That Respondent only now decided to raise this (waived and meritless) argument tells the Court all it needs to know: as Petitioners detailed and as Respondent herself repeatedly represented pre-litigation, her last Citi work location was Austin.

Respectfully submitted,

Dated: April 24, 2026


*<u>/s/ Grace E. Speights</u>*
Grace E. Speights (*pro hac vice*)
grace.speights@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (Fax)

T. Cullen Wallace
Texas Bar No. 24072412
Federal Bar No. 1383060
cullen.wallace@morganlewis.com
Nancy L. Patterson
Texas Bar No. 15603520
nancy.patterson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

*Attorney for Petitioners Citigroup Global Markets Inc. and Citigroup Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The undersigned will serve a copy of the foregoing on all counsel of record.

*/s/ Grace E. Speights*
Grace E. Speights