**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC. and CITIGROUP INC.,<br><br>Petitioners,<br><br>v.<br><br>JULIA CARREON,<br><br>Respondent. | Civil Action No. 1:26-cv-194-ADA-DH |

# JOINT ADVISORY

Pursuant to the Court's August 12, 2026 Order, Petitioners Citigroup Global Markets Inc. and Citigroup Inc. (together, "Petitioners") and Respondent Julia Carreon ("Respondent") hereby submit this Joint Advisory regarding Respondent's pending Motion to Transfer Venue. Dkt. 14, 30.

## I. Respondent's Motion to Transfer Venue

### A. Procedural History

On January 26, 2026, Respondent filed a Complaint against Petitioners in the U.S. District Court for the Southern District of New York (the "SDNY"). Respondent's now-Amended Complaint alleges race and sex discrimination in violation of the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL"), race discrimination in violation of 42 U.S.C. § 1981, and race and sex discrimination in violation of Title VII. *Carreon v. Citigroup Inc.*, No. 1:26-cv-00660-LAP-JEW, Dkt. 20 (S.D.N.Y. Aug. 4, 2026).

After Respondent filed her Complaint, on January 27, 2026, Petitioners filed a Petition to Compel Arbitration (the "Petition"). Dkt. 1. Petitioners simultaneously filed a Memorandum in Support of their Petition. Dkt. 4. On March 10, 2026, Respondent filed her Motion to Transfer Venue to the SDNY. Dkt. 14. Petitioners filed a Response on March 24, 2026, Dkt. 16, and Respondent filed a Reply on March 31, 2026, Dkt. 18.[1]

**B. <u>Meet and Confer</u>**

On October 8, 2026, the parties conferred via telephone regarding the Motion to Transfer. The parties were unable to resolve or narrow their differences.

**C. <u>Respondent's Statement</u>**

For the reasons set forth in the Motion to Transfer and Reply in Support of Motion to Transfer (Dkts. 14, 18), Respondent submits that the Court should transfer this Action to the SDNY under 28 U.S.C. § 1404(a). Respondent alleges in her New York lawsuit that she was sexually harassed in New York while working in the New York headquarters of the New York-based defendants, in violation of New York law. This Petition to Compel Arbitration asks to send that New York lawsuit to arbitration, and turns on whether Respondent's New York law claims constitute a "sexual harassment dispute" under the Ending Forced Arbitration Act, 9 U.S.C. § 402(a), an issue the New York Court should resolve. Respondent submits that the public and private interest factors under § 1404(a) overwhelmingly favor transfer: New York is where the events transpired, where more witnesses are located (save Respondent, who has affirmatively sought to litigate in New York), where the underlying lawsuit is filed. New York is also the source

[1] The parties also briefed Petitioners Motion for Leave to File a Sur-Reply. Dkt. 22, 25, 27. In a September 23, 2026, Text Order, the Court denied Petitioners' Motion.

of law under which the lawsuit is filed and on which the arbitrability of the case turns, the state with the greatest interest in regulating its own businesses, and also the less-congested court.

Respondent respectfully submits that Petitioner's core argument—that it could not have filed this Petition in New York—is incorrect for several reasons. First, regardless of where arbitration would take place, the SDNY can hear a motion to compel arbitration of its own case. Second, because of Citi's unique arbitration policy, Respondent cannot herself arbitrate any claims—she can only send notice of her claims to Citi, which then files arbitration. Any court can compel her to send notice to Citi. Third, the arbitration policy's selection of Carreon's "last Citi work location" in fact refers to New York, her "last" duty station after her final promotion, not Texas, her home.

### D. <u>Petitioners' Statement</u>

For the reasons set forth in the Response to Respondent's Motion to Transfer, Dkt. 16, Petitioners submit that the Motion to Transfer should be denied. The Federal Arbitration Act ("FAA") provides that a party aggrieved by another party's refusal to arbitrate under a written arbitration agreement may petition for an order "directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Here, the parties' binding arbitration agreement states that arbitration will occur in the closest available venue to Respondent's "last Citi work location" (Dkt. 16 at 4). The evidence demonstrates that Respondent's last Citi work location was Austin, Texas: (1) Respondent was initially hired to work from Citi's office in Irving, Texas before the parties agreed Respondent could work from her Austin home; (2) Respondent was designated as a "Texas Telecommuter" throughout her employment; (3) Respondent herself requested permission to continue working from her Austin residence; (4) Respondent repeatedly represented internally, publicly, and in connection with tax and payroll matters that she was based

in Texas and worked from Austin; and (5) after her promotion, Respondent negotiated to remain Texas-based and travel as needed.

Because Austin is where any arbitration must occur, the SDNY is not a district in which this Petition could have been brought because it cannot (and will not) grant the relief the Petitioners seek. Indeed, Judge Preska, presiding over Respondent's SDNY action, has already held that "Citi was within its rights to file the Texas Action to the extent Citi seeks to compel arbitration in that particular district" because SDNY "necessarily 'lacks the authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration.'" *Carreon v. Citigroup, Inc.*, No. 1:26-cv-00660-LAP, Dkt. 19, at 3 (May 11, 2026); Dkt. 28 (Notice of Supplemental Authority). Respondent's transfer request therefore asks this Court to transfer the Petition to a court that has already recognized it cannot compel an arbitration required to occur here. Respondent's Motion to Transfer the case to the Southern District of New York should, therefore, be denied.

Dated: October 12, 2026


*_/s/ Linda D. Friedman_*
Linda D. Friedman (*pro hac vice*)
**Stowell & Friedman, Ltd.**
303 W. Madison, Suite 2600
Chicago, IL 60606
312.431.0888
lfriedman@sfltd.com

Ryan O. Estes (Bar No. 24120586)
**Kaplan Law Firm, PLLC**
2901 Bee Cave Rd., Suite G
Austin, TX 78746
512-814-7348
restes@kaplanlawtx.com

*_/s/ T. Cullen Wallace_*
Grace E. Speights (*pro hac vice*)
grace.speights@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (Fax)

T. Cullen Wallace
Texas Bar No. 24072412
Federal Bar No. 1383060
cullen.wallace@morganlewis.com
Nancy L. Patterson
Texas Bar No. 15603520
nancy.patterson@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

Brendan Killeen (*pro hac vice* motion pending)
brendan.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Attorney for Petitioners Citigroup Global Markets Inc. and Citigroup Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The undersigned will serve a copy of the foregoing on all counsel of record.

*/s/ T. Cullen Wallace*
T. Cullen Wallace